UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bela Demtchouk, | File No. 20-cv-767 (ECT/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Open World, Inc., | |
| Defendant. | |

Plaintiff Bela Demtchouk brought this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of herself and four putative classes. Compl. ¶¶ 51, 59–78 [ECF No. 1]. The case has never reached the class-certification stage. About a month after Defendant Open World, Inc. filed its answer, ECF No. 18, the Parties notified Magistrate Judge Hildy Bowbeer that they had reached a settlement, ECF No. 24. The Parties have now submitted a joint stipulation and proposed order seeking dismissal of the action with prejudice as to Demtchouk's claims and without prejudice as to the claims of all putative class members. ECF Nos. 26–27.

A plaintiff may generally dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared," but this rule is "[s]ubject to Rule[] 23(e)." Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 23(e), in turn, imposes procedural requirements on the voluntary dismissal of the "claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement." On the face of the rule, these procedures, which include "notice in a reasonable manner to all class members who would

be bound," Fed. R. Civ. P. 23(e)(1)(B), seem to come into play only after a class has been certified or a settlement class proposed.

Before 2003, Rule 23(e) said only that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal . . . shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e) (2002). The Eighth Circuit held that, under this old version of the rule, notice and court approval were required "even if a class ha[d] not yet been certified." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Although the Eighth Circuit has not decided whether the 2003 amendments to Rule 23 abrogated its decision in *Crawford*, it has acknowledged that "the overwhelming majority of courts have held that when no class has been certified, voluntary dismissal of a putative class action is governed not by Rule 23 but by Rule 41." *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1082–83 & n.14 (8th Cir. 2017) (collecting cases); *see* 2 *McLaughlin on Class Actions* § 6:1 (17th ed. October 2020 Update); 7B Mary K. Kane, *Federal Practice and Procedure* § 1797 (3d ed. April 2020 Update). Under this approach, which the text of the amended Rule 23(e) supports, no notice or court approval is required for dismissal in this case because no class has been certified. *See Burton v. Express Scripts, Inc.*, No. 4:17-cv-2279-AGF, 2018 WL 3159848, at *2 (E.D. Mo. Apr. 9, 2018).

Nevertheless, even if Rule 23(e) no longer *requires* notice to putative class members, courts may "retain discretion . . . to require notice" under a separate provision of the rule. 2 *McLaughlin on Class Actions* § 6:1; *see* Fed. R. Civ. P. 23(d)(1)(B) (authorizing a court to order "appropriate notice to some or all class members of . . . any step in the

action"); *Bray v. Simon & Schuster, Inc.*, No. 4:14-cv-258-NKL, 2014 WL 2893202, at *2 (W.D. Mo. June 25, 2014) ("Rule 23 does not preclude the Court from considering whether a putative class will suffer prejudice with voluntary dismissal, and the Court concludes the interests of justice will be served by examining the issue."). Ordering notice may be appropriate when the claims of putative class members "have expired under a statute of limitations" or when the putative class members "have been relying on the named plaintiff to protect their interests." *Crawford*, 267 F.3d at 765.

Although the Parties have not addressed these issues, it is apparent that any potential prejudice to the putative class members is speculative. The dismissal that the Parties seek will expressly be "without prejudice as to any other member of the putative class's right to bring claims." ECF No. 26. Because the action has only been pending for seven months, the number of putative class members whose claims have become untimely is likely small. *See Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1004 (D. Minn. 2018) (noting that a four-year limitations period applies to TCPA claims). And those putative class members may be able to argue in the future that this action tolled the limitations period, at least for their individual claims. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). Finally, even setting aside the statute-of-limitations issue, the relatively short pendency of this action makes it "doubtful that any putative class members" were otherwise "lulled into sitting on their rights." *Bray*, 2014 WL 2893202, at *3 (declining to order notice where the action had only been pending for four months). Under these circumstances, requiring

3

notice to putative class members, and thereby delaying the dismissal of the action, would not be an appropriate exercise of discretion.

Pursuant to the Stipulation of Dismissal [ECF No. 26] entered into by Plaintiff and Defendant, **IT IS ORDERED** that the above-captioned action is hereby DISMISSED with prejudice as to Plaintiff's individual claim and without prejudice as to the claims of putative class members.  Each Party shall bear its own costs and attorney fees.

Dated:  October 13, 2020                             s/ Eric C. Tostrud
                                                     Eric C. Tostrud
                                                     United States District Court